**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LATAWNYA COWAN,

Plaintiff,

v.

SNAP FINANCE LLC,

Defendant.

Case No.:  26-cv-01420-DMS-BJW

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT SUA SPONTE WITH LEAVE TO AMEND**

**[ECF Nos. 1–2]**

Plaintiff LaTawnya Cowan, appearing pro se, filed a Complaint, (Compl., ECF No. 1), and an application to proceed in forma pauperis ("IFP"), (IFP Appl., ECF No. 2).  For the foregoing reasons, the Court grants Plaintiff's application to proceed IFP and dismisses the Complaint sua sponte with leave to amend.

## I.    APPLICATION TO PROCEED IFP

In accordance with 28 U.S.C. § 1915 and Civil Local Rule 3.2, any action sought to be filed IFP "must be accompanied by an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security."  S.D. Cal. Civ. R. 3.2.  Plaintiff indicates she is not presently employed, receives no monthly income, and has no assets outside her vehicle.  (IFP Appl. 1–2.)  She has three dependents, all children under 18 years

1

old, and estimates $2,037 in monthly expenses. (*Id.* at 2–4.)  In light of Plaintiff's financial status, the Court finds she is eligible to proceed IFP pursuant to § 1915(a).  Accordingly, Plaintiff's IFP application is **GRANTED**.

## II.    IFP COMPLAINT SCREENING

### A. Legal Standard

An IFP complaint must be screened by the Court.  28 U.S.C. § 1915(e)(2).  The Court must sua sponte dismiss an IFP complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Discussion

Plaintiff is financing furniture through the Defendant company, Snap Finance LLC. (Compl. 5.)  Between February 1, 2026 and March 1, 2026, Plaintiff, who is blind, asked Defendant to provide her emails and contracts with "audio-format" or alternatively have a company representative call to read her the communications.  (*Id.*)  Defendant refused Plaintiff's requests and continued to send inaccessible emails and contracts.  (*See id.*)  The Court construes the Complaint to be asserting violations of (1) the Americans with

26-cv-01420-DMS-BJW

Disabilities Act ("ADA"); (2) the Rehabilitation Act; and (3) California's Unruh Civil Rights Act ("Unruh Act").  (*See id.* at 3–4.)

### 1. ADA

"Title III of the ADA prevents discrimination against the disabled in places of public accommodation." *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 951 (N.D. Cal. 2006) (citing 42 U.S.C. § 12182(a)).  Relevant regulations require a public accommodation to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities," 28 C.F.R. § 36.303(c)(1), including "accessible electronic and information technology" or "other effective methods of making visually delivered materials available to individuals who are blind or have low vision," 28 C.F.R. § 36.303(b)(2); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904–905 (9th Cir. 2019).  To prevail on her ADA claim, Plaintiff must sufficiently plead that: (1) she is disabled per the ADA; (2) Defendant "is a private entity that owns, leases, or operates a place of public accommodation"; and (3) Plaintiff was denied public accommodations by Defendant because of her disability. *Erasmus v. Charles W. Perry, M.D., Inc.*, No. 221CV00915, 2021 WL 4429462, at *3 (E.D. Cal. Sept. 27, 2021) (citing *Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010)).  In this Circuit, a "place of public accommodation" refers to a physical location.  *Id.* at *4 (citations omitted).  To meet the "physical location" requirement, plaintiffs challenging the accessibility of auxiliary services must allege a "nexus" between the auxiliary services and a physical location.  *See id.*

Here, the Complaint fails to sufficiently plead the "physical location" requirement. Plaintiff alleges she could not access emails or contracts sent by Defendant, which are auxiliary services.  She does not explicitly allege Defendant owns, leases, or operates a physical location.  While Plaintiff asserts she is financing furniture from the Defendant company, this sole allegation is insufficient to establish Defendant owns, leases, or operates

26-cv-01420-DMS-BJW

a physical place of public accommodation.  Because this element is insufficiently pled, the ADA claim is **DISMISSED** with leave to amend.[1]

### 2. Rehabilitation Act

The Rehabilitation Act provides in relevant part: "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (citing 29 U.S.C. § 794).  To succeed on her Rehabilitation Act claim, Plaintiff must allege that (1) she has a disability; (2) she is "otherwise qualified to receive the benefit"; (3) she was "denied the benefits of the program solely by reason of [her] disability"; and (4) the "program receives federal financial assistance." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  Here, Plaintiff fails to allege she has been denied a program or activity that receives federal financial assistance, and, therefore, has not asserted a valid cause of action under the Rehabilitation Act.  This claim is also **DISMISSED** with leave to amend.[2]

### 3. Unruh Act[3]

Plaintiff may prevail under the Unruh Act by "demonstrating either that (1) she has been denied access to a business establishment as a result of intentional discrimination or (2) an ADA violation has occurred." *Erasmus*, 2021 WL 4429462, at *6 (citations omitted).  "Intentional discrimination" requires Plaintiff to allege "'willful, affirmative misconduct," meaning, "more than the disparate impact of a facially neutral policy." *Kong*

---

[1] In light of this determination, the Court does not determine whether the other elements of the ADA claim are sufficiently pled.

[2] Similar to above, the Court declines to address the other elements of the Rehabilitation Act.

[3] Plaintiff contends the Court has diversity jurisdiction over the Unruh Act claim. (*See* Compl. II.)  She alleges she is a citizen of California, Defendant is a citizen of Utah, and the amount in controversy is $250,000. (*Id.* at II.B.)  On this record, the Court finds there is subject matter jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1332(a).

26-cv-01420-DMS-BJW

*v. Mana Inv. Co., LLC*, No. SACV1801615, 2019 WL 3220027, at \*5 (C.D. Cal. May 1, 2019), *aff'd*, 818 F. App'x 660 (9th Cir. 2020).  Ninth Circuit and California courts have also rejected the theory that "intentional discrimination" under the Unruh Act consists of "knowledge that a protected right is substantially likely to be infringed upon, and a failure to act upon that knowledge—'deliberate indifference.'"  *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962, 2024 WL 5112480, at \*3 (N.D. Cal. Dec. 13, 2024) (citations omitted).

Here, Plaintiff fails to assert a cognizable Unruh Act claim.  First, Plaintiff has not pled a viable ADA claim as explained above, and, therefore, cannot pursue an Unruh Act claim under that theory.  *Brooks v. See's Candies, Inc.*, No. 20-CV-01236, 2021 WL 3602153, at \*4 (E.D. Cal. Aug. 13, 2021).  Second, to the extent Plaintiff asserts an Unruh Act claim separate from a violation of the ADA, she fails to sufficiently plead "intentional discrimination."  Here, Defendant's visual-only emails and contracts have a clear disparate impact on blind customers, like Plaintiff.  However, "courts have held that where a defendant's policy or practice merely has a discriminatory impact, it does not give rise to an Unruh Act claim absent allegations that the policy was a pretext for discriminatory intent or applied [in] a discriminatory manner."  *Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1052 (N.D. Cal. 2012).  The Complaint is void of such allegations.  Further, Plaintiff alleges she asked Defendant for accommodations which the company refused.  However, California courts do "not recognize a failure to address known discriminatory effects of a policy as alone sufficient to establish intentional discrimination under the Unruh Civil Rights Act."  *Martinez v. Cot'n Wash, Inc.*, 297 Cal. Rptr. 3d 712, 720 (Ct. App. 2022); *see also Martin v. Thi E-Commerce, LLC*, 313 Cal. Rptr. 3d 488, 502 (Ct. App. 2023) ("[T]here could be extreme situations where . . . intentional discrimination is a legitimate inference from a failure to correct.  But those would be exceptional cases, not the rule.").  The allegations here do not sufficiently establish Defendant intentionally discriminated against Plaintiff.  Thus, there is no viable theory for Plaintiff's Unruh Act claim.  As such, the Court **DISMISSES** this cause of action with leave to amend.

26-cv-01420-DMS-BJW

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's application to proceed IFP and **DISMISSES** the Complaint **with leave to amend**.  Plaintiff may file an Amended Complaint to correct the defects described above within **twenty one (21) days** from the date this Order is entered.

**IT IS SO ORDERED.**

Dated: July 14, 2026

Hon. Dana M. Sabraw
United States District Judge

26-cv-01420-DMS-BJW